UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVAN RICHARDSON, | ) |
|       Plaintiff, | ) ) ) |
|       v. | ) 05 C 5629 ) ) Judge George M. Marovich |
| LASALLE BANK, | ) ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Devan Richardson ("Richardson") filed *pro se* a complaint against LaSalle Bank ("LaSalle") alleging that LaSalle discriminated against him on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964. LaSalle moves to dismiss the complaint on *res judicata* grounds. For the reasons set forth below, the Court denies defendant's motion.

**I.**   **Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in the complaint and also considers the documents attached to the complaint.

LaSalle employed Richardson for some period of time until about September 1, 2002. On or about that date, LaSalle terminated Richardson's employment, seemingly for the improper use of company cars. Richardson alleges that his termination was discriminatory because other employees who were not black used company cars inappropriately but were not discharged.

LaSalle moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Richardson's claim as barred by *res judicata*.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Seventh Circuit recently admonished:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. . . . Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law *requires* a complaint to contain that allegation.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10(c).

## III. Discussion

*Res judicata* is an affirmative defense. *See* Fed. R. Civ. P. 8(c). Richardson is not required to plead around the *res judicata* defense in his original complaint in order to survive a motion to dismiss under Rule 12(b)(6). The Seventh Circuit has explained:

> Complaints need not anticipate or attempt to defuse potential defenses. A complaint states a claim on which relief may be granted when it narrates an

> intelligible grievance that, if proved, shows a legal entitlement to relief. A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense, but this complaint does not do so; the district judge thought, rather, that the complaint had failed to *overcome* the defenses. As complaints need not do this, the omissions do not justify dismissal.

*United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (internal citations omitted). Nothing in Richardson's complaint admits the facts required to establish *res judicata*. Accordingly, the Court will not dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Perhaps anticipating this problem, LaSalle Bank has gone ahead and attached exhibits to its motion to dismiss. The Court could convert LaSalle Bank's motion to dismiss into a motion for summary judgment, but the Court declines to do so for two reasons. The Court concludes that converting the motion to a motion for summary judgment would be unfair to the plaintiff because it would allow defendant to obtain summary judgment without complying with the strictures of Local Rule 56.1 and 56.2, which requires a notice to *pro se* plaintiffs opposing a motion for summary judgment. Out of fairness to plaintiff, the Court declines to convert defendant's motion to dismiss into a motion for summary judgment. This decision is without prejudice to defendant's right to file a motion for summary judgment on this issue in the future should it conclude that such a motion is supported by the law and the facts.

## IV. **Conclusion**

For the reasons set forth above, the Court denies defendant's motion to dismiss. This case is set for status on August 9, 2006 at 11:00 a.m.

ENTER:

_George M. Marovich_
George M. Marovich
United States District Judge

DATED:07/13/06