UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVAN RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 05 C 5629 |
| v. | ) |
| | ) Judge George M. Marovich |
| LASALLE BANK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Devan Richardson ("Richardson") filed a complaint against LaSalle Bank ("LaSalle") alleging that LaSalle discriminated against him on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964. LaSalle moves for summary judgment on plaintiff's claim. For the reasons set forth below, the Court grants LaSalle's motion for summary judgment.

**I.    Background**

The following facts are undisputed unless otherwise noted.[1]

---

[1] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website, the Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth admissible evidence of his or its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

Plaintiff Richardson worked for defendant LaSalle in LaSalle's Fleet Department. The Fleet Department was responsible for maintaining LaSalle's fleet of corporate vehicles and coordinating use of the vehicles by LaSalle's employees. The Fleet Department was managed by Darryl McGee ("McGee"), LaSalle's Fleet Manager and Executive Director. McGee supervised, among others, Braxton Lee ("Lee"), who worked as a Fleet Supervisor, and plaintiff, who worked as a Fleet Attendant. Richardson worked for LaSalle in the Fleet Department for ten years until October 16, 2002, when LaSalle terminated his employment.

On Monday, October 7, 2002, Richardson drove to work in one of LaSalle's fleet vehicles. Richardson had taken the vehicle home on Friday, October 5, 2002, a fact which Lee–the Fleet Supervisor–knew. Richardson had taken the vehicle home on Friday in order to arrive on Monday early enough to perform oil changes on other fleet vehicles. This was not the first time Richardson had taken a fleet vehicle home when he needed to arrive early the following day. Richardson believed that when he took a fleet vehicle home in order to arrive early the following work day, he was using the fleet vehicle for a "business purpose," which was required under LaSalle's policy.

LaSalle viewed the issue differently. McGee was surprised when he noticed Richardson arrive for work on October 7, 2002 in a fleet car. Richardson had not told McGee ahead of time that he was taking the car. McGee investigated and learned that Richardson had driven the car some 60 miles over the course of the weekend. McGee recommended that LaSalle terminate Richardson's employment.

McGee and a human resources representative met with Richardson on October 16, 2002. At the meeting, Richardson admitted that he had taken a fleet vehicle home over the weekend.

The human resources representative informed Richardson that LaSalle was terminating his employment. LaSalle replaced Richardson with Freddie Stewart, who, like Richardson, is black. McGee, too, is black.

Richardson was not the first employee LaSalle terminated for improper use of a fleet vehicle. In February 2002, LaSalle terminated the employment of Eddie Medina, who had been a Fleet Supervisor, for allowing his wife to use a fleet vehicle.

After his termination, Richardson filed a number of lawsuits. First, on November 6, 2002, Richardson filed a Charge of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission. In his Charge of Discrimination, Richardson alleged, among other things, that he was discharged on the basis of his race. Richardson received his Notice of Right to Sue on July 6, 2005 and filed the instant suit within the limitations period.

Second, on September 22, 2003, Richardson filed in the Circuit Court of Cook County a complaint under the caption *Devan H. Richardson v. Darrly [sic] McGee*. The entirety of his complaint read:

Defamation of my Character

> I was wrongfully terminated from LaSalle Bank (fleet services) solely on the word of my manager Darrly McGee. He stated I signed paper not to use company cars. Which was not true. Most of Fleet employees was using company cars for years with his knowledge. Darrly McGee said this was not true. He also stated to other people Me & Braxton Lee damage his car–untrue. On the day of my termination security walk me out the door. I wasn't allowed to obtain my personal belonging & this protrayed that I was a dishonest employee.

The case proceeded to trial. After a verdict was rendered in McGee's favor, the Circuit Court entered judgment on March 22, 2004.

In the meantime, on February 11, 2004, Richardson filed in the Circuit Court of Cook County a complaint against LaSalle Bank and Norman R. Bobins. The entirety of that complaint read:

> My personal item were left behind when I (Devan Richardson) was terminated on October 16, 2002. I was told by Human Resources (Linda Buckley) not to return to my office and security walked me out the door. I talked to Human Resources numerous of time about my items. And also to Darrly McGee. I still have never received my items.

This suit ended in a settlement. The settlement agreement states:

> **SETTLEMENT AGREEMENT AND GENERAL RELEASE**
>
> This Settlement Agreement and General Release ("Agreement") is entered into this 8th day of April, 2004, by and between Devan Richardson ("Richardson") and LaSalle Bank, N.A. ("LaSalle").
>
> In exchange for and in consideration for Richardson's agreement to voluntarily dismiss, with prejudice, the lawsuit entitled Devan Richardson v. Norman R. Bobins and LaSalle Bank (No. 04M1010262), filed in the Circuit Court of Cook County, First Municipal District, and to release Norman R. Bobins, LaSalle Bank, and its former and current officers, directors, trustees, employees, representatives, insurers, attorneys, accountants, advisors, and agents, from *any and all liability related to or connected to this lawsuit or the claims asserted therein*, LaSalle agrees to deliver to Richardson a check made payable to "Devan Richardson" in the amount of Six Hundred and 00/100 Dollars ($600.00) after it receives an executed and notarized copy of this Agreement.
>
> BY SIGNING BELOW, RICHARDSON ACKNOWLEDGES THAT HE HAS THOROUGHLY READ THIS AGREEMENT, AND THAT HE HAS FREELY AND VOLUNTARILY ENTERED INTO THIS AGREEMENT WITHOUT COERCION OF ANY KIND.

(Emphasis added.) LaSalle paid the $600.00 settlement amount.

## II. Standard on a motion for summary judgment

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

### III. Discussion

#### A. Plaintiff's discrimination claim is not barred

Defendant argues that plaintiff's discrimination claim is barred for two reasons. First, defendant argues that plaintiff's claim is barred by a settlement agreement. Second, defendant argues that plaintiff's claim is barred by *res judicata*.

LaSalle argues that because Richardson signed a settlement agreement to end the case he filed September 22, 2003 in the Circuit Court of Cook County, he is barred from litigating his discrimination claim here. LaSalle argues that "a general release like the one Richardson signed is valid as to all claims of which the party is aware at the time he signs the document." The Court disagrees.

Under Illinois law, a release is a contract and is governed by contract law. *Loberg v. Hallwood Realty Partners*, 753 N.E.2d 1020, 1024, 323 Ill.App.3d 936, 941 (1st Dist. 2001). A

court must enforce the release agreement as it is written. *Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. Sup. Ct. 1984). "[T]he rights of the parties are limited to the terms expressed in the agreement and a release will not be construed to release claims not within the contemplation of the parties." *Loberg*, 753 N.E.2d at 1024.

In this case, the settlement agreement Richardson signed explicitly releases "any and all liability related to or connected to this lawsuit or the claims asserted therein." This is not a general release of *all* claims Richardson had at the time (as defendant argued), but a specific release of all claims "related to or connected to this lawsuit or the claims asserted therein." The question is whether Richardson's discrimination claim is "related to or connected to" the lawsuit he filed in the Circuit Court of Cook County on September 22, 2003. In that lawsuit (the complaint for which consisted of five sentences), Richardson sought *only* the return of personal property that Richardson was not allowed to collect on his last day of work. The return of personal property is not related to his claim that he was discharged in violation of Title VII of the Civil Rights Act of 1964. Defendant has failed to show that, as a matter of law, Richardson's Title VII claim is barred by a release agreement.

Next, LaSalle argues that because Richardson's state-court suit against Darryl McGee (for defamation) ended in a final judgment, this suit against LaSalle is barred by *res judicata*. *Res judicata* is an affirmative defense, and defendant bears the burden of proving that its application is appropriate in this case. *Allahar v. Zahora*, 59 F.3d 693, 696 (7th Cir. 1995). Because the underlying lawsuit was a state-court suit, this Court applies the *res judicata* standard used by courts in Illinois. *See* 28 U.S.C. § 1738; *Berry v. Illinois Dep't of Hum. Serv.*, Case No. 00 C 5538, 2003 WL 22462547 at *12 (N.D. Ill. Oct. 29, 2003). Under Illinois law, *res judicata*

applies where three requirements are met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 302 (Ill. Sup. Ct. 1998).

The Court does not see how *res judicata* could apply in this case. Here, LaSalle argues that Richardson cannot pursue his claim that LaSalle discriminatorily terminated his employment in violation of Title VII because Richardson previously sued one Darryl McGee for making an allegedly defamatory statement that was related to Richardson's termination. The Court is not convinced. As the Seventh Circuit has explained:

> Even if plaintiff's right to relief arises from what is realistically viewed as a single episode, if it is a right against multiple parties . . . he needn't join them in one suit, unless there is privity among those parties, for in that event separate suits against them are treated as the equivalent of separate suits against the same party. 'Privity' in this context means that because the parties have by virtue of contract or otherwise identical interests, a claim or defense by one is equivalent to a claim or defense by all. There is no privity between [defendants]. Both are agents of the city, but their interests diverge. [Plaintiff] charges them with different legal violations, and so one or the other defendant could win though the other lost.

*Manicki v. Zeilmann*, 443 F.3d 922, 926 (7th Cir. 2006) (internal citations omitted). Here, LaSalle and McGee were not in privity for purposes of *res judicata* because the claims against them and their interests diverged. Richardson did not pursue a Title VII claim against McGee. Nor could he. Individuals are not liable under Title VII. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). The claim against McGee was a defamation claim, and plaintiff has never attempted to hold LaSalle vicariously liable for McGee's alleged defamation. Furthermore, McGee could win (or lose) regardless of whether LaSalle won or lost. Their interests are distinct, and Richardson's Title VII claim against LaSalle is not barred by *res judicata*.

### B. Defendant is entitled to summary judgment on the merits.

Next, the Court considers whether defendant is entitled to summary judgment on the merits of Richardson's claim that his employment was terminated on the basis of his color or race in violation of Title VII of the Civil Rights Act of 1964.

Pursuant to Title VII of the Civil Rights Act of 1964, it "shall be an unlawful employment practice for an employer–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion sex, or national origin." *See* 42 U.S.C. § 2000e-2(a). A plaintiff may establish discrimination in violation of Title VII either by putting forth direct evidence of discrimination or by following the indirect method under *McDonnell Douglas Corp. v. Green.*, 411 U.S. 792, 802 (1973). Because Richardson fails to point out any direct evidence of discrimination, the Court considers whether he has put forth sufficient evidence to survive summary judgment under the indirect method.

Under the indirect method, the plaintiff must first establish a *prima facie* case of discrimination. *See Kriescher v. Fox Hills Golf Resort and Conf. Ctr.*, 384 F.3d 912, 915 (7th Cir. 2004). To make out a *prima facie* case of discrimination, Richardson must put forth evidence that: (1) he is a member of a protected class; (2) his performance met his employer's legitimate expectations; (3) he was discharged; and (4) similarly-situated individuals not in his protected class were treated more favorably. *Moser v. Indiana Dep't of Corrections*, 406 F.3d 895, 900 (7th Cir. 2005). If the plaintiff makes out a *prima facie* case of discrimination, "the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its decision." *Rudin v. Lincoln Land Comm. College*, 420 F.3d 712, 724 (7th Cir. 2005). "If the

employer does articulate such a reason, then 'the plaintiff must show by a preponderance of the evidence that the employer's proffered reasons were merely a pretext for discrimination.'" *Rudin*, 420 F.3d at 724. "To do this, the employee must establish that the explanation is a lie, which permits a jury to infer that the tale has been concocted to conceal an unlawful truth. It is not enough to demonstrate that the employer was mistaken, inconsiderate, short-fused, or otherwise benighted; none of those possibilities violates federal law. Poor personnel management receives its comeuppance in the market rather than the courts." *Yindee v. CCH Inc.*, 458 F.3d 599, 602 (7th Cir. 2006) (internal citations omitted).

In this case, Richardson fails to make out a *prima facie* case of discrimination. Even if the Court assumes that he has put forth evidence of the first three elements, the record is devoid of evidence that other, similarly-situated employees outside of his protected class were treated more favorably. It is undisputed that Richardson took home over the weekend a fleet vehicle. Richardson has not even argued, let alone put forth evidence, of any other similarly-situated individual outside of his protected class who was treated more favorably. His Title VII claim fails, and LaSalle is entitled to summary judgment on plaintiff's discrimination claim. *Kriescher*, 384 F.3d at 916 ("Identifying similarly situated employees is an essential piece of the prima facie case, and without this evidence Kriescher's claim must fail.").

## IV.     Conclusion

For the reasons set forth above, the Court grants defendant LaSalle Bank's motion for summary judgment.

ENTER:

*George M. Marovich*
_____
George M. Marovich
United States District Judge

DATED: January 9, 2008